DAVID A. NELSON, Circuit Judge,
dissenting.
Mr. Mufti hired two men to smuggle his wife into the United States by taking her across the St. Lawrence River about a mile east of Massena, New York, a designated port of entry. If he had not accompanied his wife across the river, Mufti could have made a legal entry at Massena and rejoined his wife later. And if he had followed that course, he would unquestionably have been eligible for a waiver under 8 U.S.C. § 1182(d)(ll) as one “who is otherwise admissible to the United States as a returning resident....”
Because Mr. Mufti himself crossed the border illegally, however, thereby committing an infraction of the immigration laws separate and distinct from the offense of encouraging or assisting his wife to enter illegally, the government takes the position that he was not “otherwise admissible” and was thus not eligible for a waiver. It does not seem to me that this is an unreasonable interpretation of the law, and in my view the government’s interpretation is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and its progeny.
*307 I do not believe that the government was required to treat Mr. Mufti’s own illegal entry as a lesser included part of the smuggling offense, even though the two violations occurred at the same time. The elements of the former offense are not a subset of the elements of the latter, see Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), so there was no merger of the two offenses into one—or so the government was entitled to conclude. Accordingly, I would deny the petition for review.